UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

-------------------------------------------------------X
:     Civil Action 11-7320 (ES)(CLW)
DENISE ROSATO,                            :
:
      Plaintiff,                     :
:
:     **REPORT AND RECOMMENDATION**
  v.                                       :
:     August 27, 2012
:
THE WALT DISNEY COMPANY, et al.,   :
:
      Defendant.                     :
-------------------------------------------------------X

**WALDOR, UNITED STATES MAGISTRATE JUDGE:**

## I.   INTRODUCTION

     Pending before this Court are defendants The Walt Disney Company's (the "WDC") and Stanley B. Bernstein's ("Bernstein") Motions to Dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2). (Docket Entry No. 7, the "WDC Motion"; Docket Entry No. 9, the "Bernstein Motion"). Pursuant to Local Civil Rule 72.1(a)(2), on June 13, 2012, the Honorable Esther Salas, United States District Judge, referred the motion to the undersigned for report and recommendation. For the reasons set forth below, the undersigned recommends granting the WDC and Bernstein Motions.

## II. BACKGROUND

By way of background, this suit alleges that Plaintiff was the true inventor of Future World and World Showcase, collectively and commonly referred to as Epcot®. On December 1, 2011, Plaintiff Denise Rosato ("Plaintiff" or "Rosato") filed a one count complaint against the WDC and her former attorney Bernstein, seeking relief for the alleged theft of Plaintiff's intellectual property rights. (Docket Entry No. 1, the "Complaint" at 3). Plaintiff claims that she hired Bernstein, a New York attorney, to represent her in the development of her patented cooking device and theme related concepts, the latter of which was to be presented to the WDC. (Id. at ¶ 1). Plaintiff purports that Bernstein presented Plaintiff's theme related ideas to the WDC in 1979 "and then the Disney Company quickly moved to build and claim this project as their own." (Id. at ¶ 5).

As a basis for this Court's jurisdiction, Plaintiff's Complaint states that she resides at 100 Winston Drive, Cliffside Park, New Jersey 07010. (Id. at ¶ 15). The Complaint also alleges that the WDC is located at 500 South Buena Vista St., Burbank, California 91521. (Id.). The WDC's Motion states that the WDC is a corporation organized and existing under the laws of Delaware, and qualified to do business in California and New York. (WDC Motion at 3, Certification Of Marsha Reed In Support of Motion to Dismiss, "Reed Cert.," at ¶ 2, Ex. 2.). Plaintiff's Complaint further states that Bernstein resides at 6461 Second Ave., Boca Raton, Florida 33487. (Complaint at ¶ 15).

The WDC and Bernstein do not challenge this Court's subject matter jurisdiction over the instant action. As a threshold inquiry, pursuant to 28 U.S.C. § 1332, this Court finds that it has subject matter jurisdiction based on diversity, as all parties are citizens from different states and the amount in controversy clearly exceeds $75,000, as Plaintiff seeks the value of the intellectual property rights to Epcot®. (Complaint at ¶ 22).

Instead, in seeking to dismiss the Complaint, the WDC and Bernstein argue that they do not have sufficient minimum contacts with New Jersey and thus, the Court cannot exercise personal jurisdiction over them. Additionally, Bernstein argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

### A.   The WDC's Position and Opposition

The WDC argues that Plaintiff's Complaint does not allege, and cannot establish, any facts that would support a finding of this Court's personal jurisdiction over the WDC. (WDC Motion at 1-2). Specifically, the WDC states it does not have any continuous, substantial, or systematic contacts with New Jersey that could render it subject to general jurisdiction in this Court. (Id. at 7-8). Furthermore, this Court does not have specific jurisdiction because Plaintiff's allegations do not relate to or arise out of activities by the WDC that took place within New Jersey. (Id. at 8).

In support of its Motion, the WDC argues that: (1) it is a Delaware corporation qualified to do business in California and New York (Reed Cert. at ¶ 2), (2) its principal place of business is in California (Id.), (3) that the WDC functions as a holding company; its business consists primarily of the ownership of stock in a variety of corporations operating in the fields of entertainment, recreation and consumer products, among others (Id.), (4) the WDC is not qualified to do business in New Jersey, (5) the WDC has not conducted, and does not currently conduct business in New Jersey, (6) the WDC has neither incurred nor paid taxes in New Jersey, (7) the WDC has not appointed an agent for the service of process in New Jersey, (8) the WDC has no office, place of business, or employees in New Jersey, (9) the WDC owns no real estate, bank accounts or other assets in New Jersey, and (10) the WDC should not be listed in any New Jersey telephone directories. (Id. at ¶¶ 2-3).

Plaintiff opposed the WDC's Motion through several submissions. On February 21, 2012 Plaintiff filed an opposition to the WDC Motion and Bernstein Motion. (Docket Entry No. 13, "Opposition").[1] On March 6, 2012, Plaintiff submitted additional support in opposition to the WDC Motion. (Docket Entry No. 17, "Plaintiff's Surreply to the WDC Motion"). Plaintiff's Surreply to the WDC Motion raises new alleged bases for this Court's personal jurisdiction over the WDC by way of Disney merchandise being sold in New Jersey retail stores, Disney Channel broadcasting throughout New Jersey, and Disney outlet retail stores being located in New Jersey. (Plaintiff's Surreply to the WDC Motion at 1-14).[2] Additionally, On March 8, 2012, Plaintiff submitted a letter

---

[1] Plaintiff's February 21, 2012 filing is improperly titled "answer to Notice of Motions to Dismiss[.]" (Opposition at 1). The Court will consider Plaintiff's filing as opposition to both the WDC Motion and the Bernstein Motion. Plaintiff's Opposition is made in two parts, the first a forty (40) page filing and the second, a twenty-seven (27) page filing. (Docket Entry No. 13, "pt. 2", Ex. 1). Part one of Plaintiff's Opposition is comprised of the following: a one page "answer to the WDC's Motion to dismiss", including a summary of Plaintiff's residential history in New Jersey and her contact with an unnamed attorney, whom the Court presumes is Bernstein, in New York (Id. at 2); select pages of Parks and Resorts consolidated financial statements (Id. at 3-5); an attached copy of an Opinion by the Honorable Stanley S. Brotman, U.S.D.J., in Civil Action No. 02-4566, dated September 24, 2003, wherein Judge Brotman finds no personal jurisdiction over Walt Disney World and Walt Disney Hospitality & Recreation Corp. (Id. at 6-16); a Memorandum Opinion by the Honorable Juan R. Sanchez, J., from the Eastern District of Pennsylvania, similarly granting a Motion to Dismiss for lack of personal jurisdiction (Id. at 17-29); a three page answer to Bernstein's Motion to Dismiss, mostly comprised of a summary of an August 6, 2009 discussion between Plaintiff and Bernstein, and a "Motion to Investigate this evidence further" (Id. at 30-32); several website pages printed from travel websites (Id. at 33-37); a follow up letter, dated August 23, 2010, sent to Plaintiff from Kenneth E. Newman, SVP of the WDC ("Newman") (Id. at 38-39); and a summary of a 1978 Disneyland Souvenir Brochure (Id. at 40). Part two of Plaintiff's submission consists of the following: a 1978 pictorial souvenir (pt. 2 at 1-10); a explanation of photos of a flying saucer restaurant built in Merrick, L.I., New York and attached photos with Plaintiff's diagrams and patent information (Id. at 11-23); and a summary of Plaintiff's case with an attached certificate of service. (Id. at 24-27).

[2] Plaintiff's Surreply to the WDC Motion additionally contains internet print outs dealing with Walt Disney World Resort attractions and articles unrelated to the matter before this Court. (Plaintiff's Surreply to the WDC Motion at 15-24).

dated July 9, 2009 sent to Plaintiff from Newman, a Senior Vice President of the WDC and a Washington Post article. (Docket Entry No. 18, "Plaintiff's Supp. Surreply"). In essence, Plaintiff rests her theory of personal jurisdiction on the fact that she resides in New Jersey, that Disney merchandise and programing are available in New Jersey, and that Disney retails stores are located in New Jersey. (Complaint at 4, Plaintiff's Surreply to the WDC Motion at 1-14).

### B.      Bernstein's Position and Opposition

Bernstein argues that Plaintiff's Complaint fails to allege any facts to support a finding of personal jurisdiction over Bernstein. (Bernstein Motion at 1). In support of his Motion, Bernstein argues that the Court does not have personal jurisdiction over Bernstein: (1) because he never resided, practiced law, conducted any business or maintained any office in New Jersey (Docket Entry No. 10, Affidavit of Stanley B. Bernstein, "Bernstein Affidavit," at 1), (2) "has never owned real estate bank accounts or other assets in New Jersey" (Id. at 1-2), (3) has never been listed in any New Jersey telephone directory (Id. at 2), (4) has only interacted with Rosato in New York (Id.), and (5) Rosato does not allege that her claims are related to any of Bernstein's activities in New Jersey - rather, her claims arise out of Bernstein's activities in New York and Florida. (Id., Bernstein Motion at 6).

Plaintiff opposed Bernstein's Motion through several submissions. On February 21, 2012 Plaintiff filed an opposition to the WDC and Bernstein Motions. (Opposition at 1).[3] On March 14, 2012, Plaintiff submitted additional support in opposition to the Bernstein Motion. (Docket Entry

---

[3] Plaintiff indicates that she "traveled Across the Hudson River to the State of New York, ..., to find a lawyer, experienced in franchise operations, a Harvard graduate, to assist me in the development of patent and theme-related ideas." (Opposition at 2). Plaintiff also submitted photographs of "Space Station", a flying saucer theme restaurant built in Merrick, L.I., New York. (pt. 2 at 11).

No. 19 , "Plaintiff's Surreply to the Bernstein Motion"). The Plaintiff's Surreply to the Bernstein Motion raises new alleged basis for this Court's personal jurisdiction over Bernstein by way of two letters mailed by Bernstein to Plaintiff at her New Jersey address and a retainer agreement from Bernstein's former law office in New York. Thus, Plaintiff rests her theory of personal jurisdiction on the fact that she resides in New Jersey, the retainer agreement and that Bernstein sent two letters to Plaintiff regarding her fast food restaurant concepts to her New Jersey address. (Complaint at 4, Plaintiff's Surreply to the Bernstein Motion at 1, 8-10).

### III. PERSONAL JURISDICTION

#### A. 12(b)(2) Standard of Review

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir.2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).[4] "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation and internal quotation marks omitted). Plaintiffs must sustain their

---

[4] It is a well recognized that there is a "significant procedural distinction" between a motion pursuant to Rule 12(b)(2) and a motion pursuant to Rule 12(b)(6). Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n. 9 (3d Cir.1984). "A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether in personam jurisdiction actually lies." Id.

burden by establishing facts through sworn affidavits or other evidence; reliance on the bare pleadings is not enough. Patterson v. FBI, 893 F.2d 595, 603-604 (3d Cir. 1990).[5]

If the plaintiffs meet their burden, the burden shifts to the defendant who must make a compelling case that the exercise of jurisdiction would be unreasonable. Mellon Bank, 960 F.2d at 1226 (internal citations omitted). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir. 1992), cert. denied, 506 U.S. 817, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992) (citations omitted).

A defendant is subject to the jurisdiction of a United States District Court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(k)(1)(A); see O'Connor, 496 F.3d at 316 (under FED. R. CIV. P. 4(k), personal jurisdiction over nonresident defendants may only be exercised to the extent that is authorized by the laws of the state in which the federal court sits.). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted).

The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)); see also Carteret Sav. Bank, FA, 954 F.2d at 145. Accordingly, under the Due Process clause, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts

---

[5] That is, in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction, "plaintiff must respond with actual proofs, not mere allegations." Time Share Vacation Club, 735 F.2d at 66 n. 9 (citation omitted).

with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal citation omitted)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum state,' [thereby] 'invoking the benefits and protections of [New Jersey's state] laws.'" Asahi Metal Indus. Co., Ltd. v. Sup.Ct. of California, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being hauled into court in a forum and is not subject to personal jurisdiction in a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); see also Burger King Corp., 471 U.S. at 472, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (internal citations omitted). In determining whether sufficient minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation." Pinker v. Rosche Hold., 292 F.3d 361, 368 (3d Cir. 2002).

Personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415, n. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state. Id., 466 U.S. at 414, n. 8. If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal

jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416.

In O'Connor, the Third Circuit set forth the following framework to determine if specific jurisdiction is present: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d at 317 (internal citations and quotation omitted).

To establish specific jurisdiction, plaintiffs need not show that the defendant(s) be physically located in the state while committing the alleged act(s). Burger King Corp., 471 U.S. at 476. Nor is jurisdiction defeated merely because the bulk of harm occurred outside the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984). However, in order for a single act to satisfy minimum contacts it must create a substantial connection with the forum. See Burger King Corp., 471 U.S. at 476, n. 18.

Alternatively, a court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. Helicopteros Nacionales de Columbia, S.A., 466 U.S. at 415, n. 9. The plaintiff must show more than mere minimum contacts with the forum state. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S.

at 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (quoting Int'l Shoe, 326 U.S. at 320, 66 S.Ct. 154, 90 L.Ed. 95).  In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Burger King Corp., at 477, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (citing World Wide Volkswagen, 444 U.S. at 292, 100 S.Ct. 559, 62 L.Ed.2d 490).

**B.     Analysis**

For the limited purpose of resolving the WDC and Bernstein Motions, the Court accepts all allegations in the Complaint as true.  See Toys "R" US, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003), Carteret Sav. Bank, 954 F.2d at 142.  Accordingly, the facts recited below are taken largely from the Complaint and Plaintiff's oppositions papers and do not represent this Court's factual findings.

**I.     The WDC Motion to Dismiss**

As it relates to the WDC Motion, Plaintiff has failed to directly address either specific or general jurisdiction.  Plaintiff appears to argue that the Court may maintain general jurisdiction over the WDC.  As part of her opposition papers, Plaintiff has submitted voluminous amounts of largely unrelated brochures, articles, and website printouts.  What the Court has been able to glean from Plaintiff's submissions, as it relates to personal jurisdiction, is that Plaintiff believes that the WDC is subject to personal jurisdiction in this Court because of several Disney related activities taking place throughout New Jersey.  Specifically, Plaintiff believes that the sale of Disney toys in New

Jersey retail stores, the broadcasting of Disney programming throughout New Jersey, and the presence of Disney outlet stores in New Jersey amounts to sufficient "continuous and systematic contacts," thereby subjecting the WDC to the general jurisdiction of this Court. (Plaintiff's Surreply to the WDC Motion at 1-14).

Plaintiff has failed to meet her burden to demonstrate that this Court may exercise general jurisdiction over nonresident defendant the WDC. Plaintiff's reliance on Disney related activity in New Jersey as a basis for general jurisdiction misses the mark. See Krebs v. Walt Disney World Co., et al., No. 08-5177, Letter Order (D.N.J. May 20, 2009) (unpublished) (rejecting plaintiff's argument that Walt Disney World Co. is subject to personal jurisdiction in New Jersey because it operates at least 14 Disney stores in New Jersey because it rests on the erroneous assumption that Walt Disney World Co. actually owns the stores). Plaintiff has failed to show the products being sold in New Jersey retail stores, the Disney programming being broadcasted in New Jersey, and the Disney outlet stores are those of the WDC and not one of the WDC's subsidiaries. It is well settled law that a nonresident corporation "is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state." Lucas v. Gulf & W. Indus., Inc., 666 F.2d 800, 805-6 (3d Cir. 1981); see also 2 Moores Federal Practice § 4.25(6) (1981).

The WDC has certified that it operates as a holding company. (Reed Cert. at ¶ 2). That is, the WDC's "business primarily consists of the ownership of stock in a variety of corporations operating in, among others, the fields of entertainment, recreation and consumer products[.]" (Id.). As such, the WDC cannot be subject to general jurisdiction based on the activities of its subsidiaries in New Jersey. Plaintiff has not provided the Court with any support that the Disney related activity

is that of the WDC. Further, Plaintiff's conclusory statements and submissions about the WDC's contacts with New Jersey are unsupported by any evidence or case law warranting an exercise of personal jurisdiction over a nonresident defendant. See Boily v. Walt Disney World Co., 2009 U.S. Dist. LEXIS 130685 (D.N.J. Apr. 1, 2009) (Magistrate Judge's Report and Recommendation), adopted at 2009 U.S. Dist. LEXIS 37047 (D.N.J. May 1, 2009); Vacca v. Walt Disney World Co., 1992 U.S. Dist. LEXIS 169, at *8 (D.N.J. Jan. 6, 1992); see also Mahanna v. Walt Disney, Inc., et al., No. HUD-L-007428-02 (N.J. Super. Law Div., August 25, 2003).

In contrast, the Defendants have submitted ample evidence that weighs against the exercise of personal jurisdiction by this Court. Said otherwise, the WDC has illustrated that it does not have sufficient "continuous and systematic contacts" that could subject it to the general jurisdiction of this Court. Specifically, the WDC certifies that it is a Delaware corporation qualified to do business in California and New York, its principal place of business is in California, it is not qualified to do business in New Jersey, it has not conducted, and does not currently conduct, business in New Jersey, it has neither incurred nor paid taxes in New Jersey, it has not appointed an agent for service of process in New Jersey, it has no office, place of business, or employees in New Jersey, and it owns no real estate, bank accounts or other assets in New Jersey. (Reed Cert. at 2-3). Plaintiff have not submitted any evidence to rebut Defendant's contentions. The WDC's contacts with New Jersey do not thus amount to the requisite "extensive and persuasive" factual showing required to establish general jurisdiction. See Reliance Steel Prods. Co., 675 F.2d at 589. Therefore, Plaintiff has failed to carry her burden of illustrating this Court's general jurisdiction over the WDC.[6]

---

[6] It is well settled law that a parties unilateral activities, including being a resident of the forum state, can not form a basis for personal jurisdiction over a nonresident defendants. See Burger King Corp., 471 U.S. at 475. Therefore, Plaintiff asserting her New Jersey residence as a

Plaintiff's submissions are equally devoid of factual allegations that could support a finding of this Court's specific jurisdiction over the WDC. Plaintiff has failed to satisfy the three part test established by the Third Circuit in O'Connor. The gravaman of Plaintiff's Complaint is that the WDC stole her intellectual property rights when her attorney, Bernstein, allegedly presented the WDC with Plaintiff's theme park idea and the WDC ultimately created Epcot®. (Complaint at 1). First, Plaintiff has not alleged any conduct by the WDC that was "purposefully directed [] at [New Jersey]. O'Connor, 496 F.3d at 317. All of the WDC's alleged activity takes place in New York or Florida. (Complaint at 1,3,4,5). In fact, Plaintiff fails to mention any specific activity of the WDC that can be construed to be directed at New Jersey. This, Plaintiff has not satisfied the first element of the O'Connor test.

Second, as Plaintiff has failed to illustrate any activity of the WDC that was purposefully directed at New Jersey, she is equally unable to show that the "litigation arises out of or relates to at least one of the contacts [with New Jersey]." Id. (quoting Helicopteros, 466 U.S. at 414, 104 S.Ct. 1868, 80 L.Ed.2d 404); Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994). Finally, the Court need not address the third prong of the O'Connor test as Plaintiff has not satisfied the first two prongs. See D'Elia v. Grand Caribbean Co., et al., No. 09-1707, 2011 WL 6153704, at *7 (D.N.J. Dec. 12, 2011) (the court determined that plaintiffs did not met their burden of establishing minimum contacts, therefore the Court did not consider whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.) (Internal citation omitted). In sum, Plaintiff has failed to meet her burden to demonstrate that the WDC has sufficient

---

basis for this Court's personal jurisdiction over Defendants the WDC and Bernstein is improper.

"minimum contacts" with the State of New Jersey to justify the Court's exercise of personal jurisdiction over the WDC.

## II. The Bernstein Motion to Dismiss

Similarly, as it relates to the Bernstein Motion, Plaintiff has failed to directly address either specific or general jurisdiction. Plaintiff appears to argue that the Court may maintain specific jurisdiction over Bernstein. As mentioned above, the Plaintiff has submitted several irrelevant items in her opposition papers. What the Court has been able to gather from Plaintiff's submissions is that Plaintiff believes that Bernstein is subject to personal jurisdiction in this Court because Bernstein sent two letters to Plaintiff at her New Jersey address and a signed retainer agreement from Bernstein's former law office in New York containing Plaintiff's New Jersey address. (Plaintiff's Surreply to the Bernstein Motion at 1, 8-10).

Plaintiff has failed to meet her burden to demonstrate the grounds upon which this Court may exercise specific jurisdiction over nonresident defendant Bernstein. Plaintiff's reliance on Bernstein sending two letters to her New Jersey address and the retainer agreement, listing her New Jersey address, as a basis for specific jurisdiction is unpersuasive. Plaintiff also argues that her residency in New Jersey is a basis for personal jurisdiction over Bernstein.[7] Again, these allegations are insufficient to establish specific jurisdiction.

First, Plaintiff has not alleged any conduct by Bernstein that was "purposefully directed [] at [New Jersey]. O'Connor, 496 F.3d at 317. Plaintiff reliance on the retainer agreement as a basis for personal jurisdiction over Bernstein is misplaced. It is well established that a nonresident

---

[7] As noted earlier, personal jurisdiction over a nonresident defendants cannot be created by the residency or other unilateral conduct of another party or third person. See supra note 6; see also Burger King Corp., 471 U.S. at 475.

defendant's contract with a forum resident, standing alone, does not establish personal jurisdiction. See Mellon Bank (East) v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant."); see also Burger King, 471 U.S. at 478, 105 S.Ct. at 2185.

Similarly, the two letters sent to Plaintiff from Bernstein do not form a basis for specific jurisdiction in New Jersey. See IMO Indus., 155 F.3d at 260 (holding that the weight of authority among the courts of appeal is that minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of the state's court system.); Rodi v. Southern New England School of Law, 255 F.Supp..2d 346, 350-51 (D.N.J. 2003); see also Jakks Pacific, Inc., v. Conte, et al., No. 11-479, 2011 WL 6934856, at *6 (D.N.J. December, 30, 2011) (holding that the law is clear that a cease-and-desist letter alone does not satisfy the personal jurisdiction requirements).  As alleged in the Complaint, all of Bernstein's activity takes place in New York or Florida.[8]  Plaintiff's Complaint fails to mention any specific activity of Bernstein, outside of the activity addressed above, that was directed at New Jersey.  Therefore, Plaintiff has not provided the Court with sufficient facts to satisfy the first prong of O'Connor.

Second, as Plaintiff has failed to illustrate activities of Bernstein that were purposefully directed at New Jersey, she is equally unable to show that the "litigation arises out of or relates to at least one of the contacts [with New Jersey]." Id. (quoting Helicopteros, 466 U.S. at 414, 104 S.Ct. 1868, 80 L.Ed.2d 404; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994)). To the contrary, the majority of the allegations in Plaintiff's Complaint and opposition papers giving

---

[8] Plaintiff admits in her Opposition, that she traveled to New York to retain Bernstein as counsel. See supra note 3.

rise to this litigation deal with Bernstein's activities in New York and Florida. Finally, the Court need not address the third prong of O'Connor as Plaintiff has not satisfied the first two prongs. See D'Elia, 2011 WL 6153704, at *4. In sum, Plaintiff has failed to meet its burden to demonstrate that Bernstein has sufficient "minimum contacts" with the State of New Jersey to justify the Court's exercise of personal jurisdiction over Bernstein.

Although not directly addressed in her filings, Plaintiff has likewise failed to meet her burden to demonstrate the grounds upon which this Court may exercise general jurisdiction over nonresident defendant Bernstein. Plaintiff's conclusory statements and submissions about Bernstein's contacts with New Jersey are also unsupported by any evidence or case law meriting an exercise of personal jurisdiction over a nonresident defendant. See supra p. 12.

In contrast, Bernstein has submitted ample evidence that weighs against the exercise of personal jurisdiction by this Court. Bernstein has illustrated that he does not have sufficient "continuous and systematic contacts" that could subject him to this Court's general jurisdiction. Specifically, Bernstein certifies that he never resided, practiced law, conducted any business or maintained any office in New Jersey (Bernstein Affidavit at 1), he "has never owned real estate bank accounts or other assets in New Jersey" (Id. at 1-2), he has never been listed in any New Jersey telephone directory (Id. at 2), his only interactions with Rosato have been in New York (Id.), and Rosato does not allege, that her claims are related any of Bernstein's activities in New Jersey - rather her claims arise out of Bernstein's activities in New York and Florida. (Id., Bernstein Motion at 6).

Plaintiff has not submitted any evidence to rebut Bernstein's contentions. Thus, it is apparent that Bernstein's contacts with New Jersey do not amount to the requisite "extensive and persuasive" factual showing required to establish general jurisdiction. See Reliance Steel Prods. Co.,

675 F.2d at 589. Therefore, Plaintiff has failed to carry her burden of illustrating this Court's general jurisdiction over Bernstein.[9]

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Salas that the WDC and Bernstein Motions to dismiss for lack of personal jurisdiction be **GRANTED**. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

          s/ Cathy L. Waldor
          **HON. CATHY L. WALDOR**
          **UNITED STATES MAGISTRATE JUDGE**

**Dated**: August 27, 2012

---

[9] As previously noted, this Court recommends granting the WDC's and Bernstein's Motions to Dismiss for lack of personal jurisdiction. As such, this Court does not reach and, therefore, cannot recommend dismissing Plaintiff's Complaint pursuant to FED. R. CIV P. 12(b)(6).