# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

September 25, 2012

## LETTER ORDER

Re: *Denise Rosato v. The Walt Disney Company, et al.*
     **Civil Action No. 11-7320 (ES)**

Dear Counsel:

    Pending before this Court are Defendants Walt Disney Company ("WDC") and Stanley Bernstein's Motions to Dismiss (the "Motions"). (Dkt Nos. 7, 11). Plaintiff opposed the motions through multiple filings. (Dkt. Nos. 13, 17, 18 and 19). On August 27, 2012, Magistrate Judge Cathy Waldor issued a Report and Recommendation recommending that this Court grant the Motions. (Dkt. No. 20). Magistrate Judge Waldor advised the parties that they had fourteen days to file and serve any objections to the Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). Plaintiff filed a timely objection on September 10, 2012. (Dkt. No. 21). Defendants filed timely responses to Plaintiff's objection. (Dkt. Nos. 22, 23). Plaintiff filed a response to Defendants' filings on September 20, 2012. (Dkt No. 24).

    Plaintiff's objections to Judge Waldor's Report and Recommendation merely rehash the same arguments she advanced in her multiple submissions opposing the Motions. Plaintiff again asserts that personal jurisdiction in New Jersey over WDC is appropriate because WDC "receives income from enterprises operating within the State of New Jersey." (Dkt No. 21, Objections to Report and Recommendation at 1). She also states that Mr. Kenneth E. Newman, a representative for WDC, called her and wrote her a letter in New Jersey. (*Id.* at 2). As to Mr. Bernstein, Plaintiff reiterates her arguments that personal jurisdiction is appropriate in New Jersey based on (1) two letters; (2) a retainer agreement and (3) a phone call to her New Jersey residence.

    As noted in the Report and Recommendation, the Court will not impute personal jurisdiction upon WDC for alleged contacts by its subsidiaries. *See Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981) (abrogated on other grounds by *EF Operating Corp. v. Am. Bldgs.*, 933 F.2d 1046, 1049 (3d Cir. 1993)) ("[A] foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in that state."). As to the contact from representatives of WDC and

Mr. Bernstein with Plaintiff in New Jersey, the Court agrees with Judge Waldor that this minimal contact with New Jersey does not subject either Defendant to personal jurisdiction.  *See* Report and Recommendation at 15.

The Court has considered all of the submissions, as well as Judge Waldor's Report and Recommendation, and for the reasons stated therein,

IT IS on this 25th day of September 2012,

ORDERED that the Report and Recommendation of Magistrate Judge Waldor is adopted as the conclusions of law of this Court; and it is further

ORDERED that WDC and Mr. Bernstein's motions to dismiss are granted; and it is further

ORDERED that the Clerk of the Court shall terminate Docket Entry Nos. 7, 11 and 20.

**SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**